"UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS TATUM,

    Applicant,

v.                                        CASE NO. 8:23-cv-436-SDM-AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Tatum applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his six convictions, three counts each of selling and possessing cocaine, for which Tatum is imprisoned for concurrent terms of 82.35 months. The respondent argues (Doc. 7) that the application is time-barred. Tatum opposes (Doc. 9) dismissal as time-barred and asserts entitlement to equitable tolling of the limitation. Tatum's asserted entitlement to equitable tolling is erroneous because his argument for tolling is for a period when the federal limitation was already tolled.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Tatum and the respondent agree (1) that the limitation began on April 6, 2019, after the time allowed for petitioning for the writ of *certiorari* following Tatum's direct appeal (Respondent's Exhibit 14); (2) that 130 days elapsed before the limitation tolled upon the filing of Tatum's motion under Rule 3.850, Florida Rules of Criminal Procedure, for post-conviction relief on August 14, 2019 (Respondent's Exhibit 11 at 3); and (3) that the limitation re-commenced on December 29, 2021, after the appellate court issued the mandate affirming the denial of post-conviction relief. (Respondent's Exhibit 15) Because Tatum had 235 days remaining of his one-year limitation (365 − 130 = 235), Tatum's limitation deadline was August 22, 2022, after accounting for the weekend.

On February 22, 2022, Tatum filed another motion under Rule 3.850, which the state court denied as "untimely, successive, and procedurally barred." (Respondent's Exhibit 16 at 18) The respondent correctly argues that this second post-conviction proceeding failed to toll the federal limitation because only an application timely filed under state law tolls the federal one-year limitation. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)); *Allen v. Siebert*, 552 U.S. 3, 7 (2007)

("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."). Consequently, because the second motion for post-conviction relief failed to toll the limitation, Tatum's one-year deadline remained August 22, 2022. Tatum filed his federal application on February 24, 2023, six months late.

In his reply (Doc. 9) Tatum asserts entitlement to equitable tolling of the limitation. The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002). Tatum must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. For the first requirement, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. To satisfy the second requirement, Tatum must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271

(11th Cir. 1999). *See cases collected in Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Assuming that he can meet the first requirement (due diligence), Tatum fails to meet the second requirement (extraordinary circumstance). Tatum argues that "from May 2019, until throughout 2020 and 2021, Petitioner was on restricted movement d[ue] to the covid pandemic, denying petitioner access to law library to prepare all motions and documents." (Doc. 9 at 1) However, during this period Tatum prepared his first motion for post-conviction relief, which he filed on August 14, 2019, and that proceeding tolled the limitation until the mandate issued on December 28, 2021, which period encompasses Tatum's asserted entitlement to equitable tolling "throughout 2020 and 2021."

Tatum's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. Tatum's "Motion for Judgment" (Doc. 10) is **DENIED AS MOOT**. The clerk must enter a judgment against Tatum and **CLOSE** this case.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tatum is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Tatum must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred and he shows no entitlement to equitable tolling, Tatum is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Tatum must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 30, 2023.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE